IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEALTHCARE STRATEGIES, INC., Plan Administrator of the Healthcare Strategies, Inc. 401(k) Plan and the Healthcare Strategies, Inc. CBU 401(k) Plan, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ING LIFE INSURANCE AND ANNUITY COMPANY,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: No. 3:11-cv-00282 (JCH)<br>:<br>:<br>:<br>:<br>:<br>:<br>: March 5, 2012 |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION TO STRIKE JURY DEMAND OR, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS**

Defendant ING Life Insurance and Annuity Company ("Defendant") submitted its Motion for Reconsideration and for Judgment on the Pleadings [Dkt. 45] to direct this Court to the Supreme Court's *Amara* decision. *Cigna Corp. v. Amara*, 131 S. Ct. 1866 (2011). Plaintiff, however, asks this Court to ignore that decision for no other reasons than because Defendant failed to cite to it in its original Motion to Dismiss, *Amara* arose under ERISA § 502(a)(3), and Defendant filed this Motion before filing its Answer. For the reasons set forth in Defendant's opening briefing and those discussed below, none of these reasons justify ignoring this controlling Supreme Court precedent.

I. **DEFENDANT APPROPRIATELY RAISES *AMARA'S* APPLICABILITY IN ITS MOTION FOR RECONSIDERATION**

Plaintiff devotes a good part of its brief to arguing the Court should not consider Defendant's arguments regarding *Amara* simply because the Supreme Court issued that decision eleven days before Defendant filed its brief and Defendant did not argue the case. *See* Pl.'s Mem. of Law In Opp'n to Def.'s Mot. for Reconsideration of the Court's Order Denying Mot. to Strike Jury Demand Or, in the Alternative, for J. on the Pleadings ("Opp'n") [Dkt. 56] at 5-6. This argument, however, is misguided as Supreme Court precedent is no less relevant simply because it was never cited in prior briefing. Because *Amara* did not address the jury-trial question, there was no reason for Defendant to discuss it in the briefing on the jury trial issue.[1] *Amara* became relevant after this Court issued its decision.

More fundamentally, Defendant does not "raise *Amara*" to "take a second bite" at Plaintiff's claims or arguments, as Plaintiff contends. *Id.* at 5. Instead, Defendant filed its Motion for Reconsideration to direct the Court to language from a Supreme Court opinion that Defendant respectfully submits conflicts with one of the legal conclusions of the Court's recent order. Far from being "frivolous," Defendant's motion seeks to inform the Court of a possible "clear error" of law that warrants its reconsideration. *See id.* at 4-5.

II. ***AMARA'S* DISCUSSION OF THE REMEDIES AVAILABLE AGAINST A FIDUCIARY UNDER ERISA SECTION 502(a)(3) APPLIES WITH EQUAL FORCE TO A CLAIM UNDER SECTION 502(a)(2)**

There is no dispute that Plaintiff seeks to recover losses to the plan allegedly caused by

---

[1] In its Opposition, Plaintiff attaches another litigant's memorandum in support of a motion to strike a jury demand filed in a completely separate matter pending in another jurisdiction. Opp'n, Ex. A. According to Plaintiff, that party's failure to cite *Amara* further supports their surprising statement that the Supreme Court's decision in *Amara* is "complete[ly] irrelevan[t]." Opp'n at 9 n.7. Plaintiff's rhetoric aside, however, only serves to underscore Defendant's point. Like Defendant, that other litigant had reasonably interpreted a plaintiff's claim under ERISA § 502(a)(2) as seeking only equitable relief because that is the only type of relief available under ERISA. *See* Opp'n, Ex. A at 12. For this reason, that litigant also had no reason to cite *Amara* in its brief.

Defendant's breach of its fiduciary duties, the "make whole" relief provided under ERISA § 409(a). *See* Opp'n. at 7. Plaintiff does not dispute that the monetary remedy of surcharge, which provides make-whole "compensation for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment," is "exclusively equitable." *Amara*, 131 S. Ct. at 1880. Thus, it is undisputed that the relief Plaintiff seeks is in the nature of surcharge, an equitable remedy. Although conceding the crux of the issue, Plaintiff raises several tangential arguments of questionable merit.

Plaintiff first attempts to cabin *Amara* to ERISA § 502(a)(3) claims because the Court's discussion of surcharge took place in the context of remedies available under that section of ERISA. *See* Opp'n at 6-7. While Plaintiff is correct that the Supreme Court discussed this issue in the context of ERISA § 502(a)(3), a surcharge remains an equitable remedy regardless of the section of ERISA under which a party seeks it. Plaintiff provides no legal authority, however, for the proposition that a discussion of the equitable nature of remedies available to a beneficiary against a fiduciary under Section 502(a)(3) would not apply equally to claims under ERISA Section 502(a)(2). *Id.* Indeed, both sections expressly provide for the award of "equitable" relief. Furthermore, Plaintiff's argument is contrary to its reliance on *Great-West* (*see* Pl.'s Mem. of Law in Opp'n to Def.'s Partial Mot. to Dismiss [Dkt. 32] at 35-37), which addressed only § 502(a)(3) remedies but which Plaintiff used as the basis for its argument that claims under (a)(2) are "legal" simply because they seek monetary relief. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 206 (2002) ("The question presented is whether § 502(a)(3) of [ERISA] authorizes this action by petitioners to enforce a reimbursement provision of an ERISA plan.")

Plaintiff also avers (without support) that *Amara* does not "change the fact that 'the

Supreme Court has squarely rejected the argument that actions for breach of fiduciary duty by a trustee could only be brought in a court of equity'. . . ." Opp'n at 7 (citing *Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir. 2002)). First, *Pereira* – which is dicta – misquotes *Rego v. Westvaco Corp.*, 319 F.3d 140, 145 (4th Cir. 2003). In *Rego*, the Fourth Circuit did not "squarely reject" the argument that actions by a beneficiary against a trustee could be only brought in a court of law. Rather, *Rego* held that the Supreme Court "squarely rejected" the argument that "any remedy, when sought for breach of fiduciary duty, is an equitable remedy available under Section 502(a)(3)." *Id*. at 145 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 257 (1993)). Second, even if *Pereira* had not misquoted *Rego*, its dicta could not withstand *Amara*'s subsequent statement that "a suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) about the terms of a plan (which ERISA typically as a trust)" "is the kind of lawsuit that . . . [plaintiff] could have brought only in a court of equity, not a court of law."[2] *Amara*, 131 S. Ct. at 1879.

Plaintiff next urges the Court to myopically focus on the fact that it requests monetary relief and conclude that, therefore, it seeks legal relief. Opp'n at 7-8. This contention is easily dismissed by simple reference to claims under ERISA § 502(a)(1)(B), which often involve payment of money to the plaintiff based on a claim for benefits under a plan, similar to legal relief awarded on a contract claim. As the court explained in *D'Amore v. Stangle & DeNigris, Inc.*, No. 3:94CV01087 (AVC), 1995 WL 704687 (D. Conn. May 19, 1995):

> The plaintiffs argue that because they seek relief in the form of money, their claim is legal in nature and as such they are entitled to a jury trial. In many cases brought pursuant to ERISA, however, plaintiffs seek plan

---

[2] This point is important because a two-part test is used to determine whether a jury trial is available. The first part asks whether the claim "would have been deemed legal or equitable in 18th century England" and the second part whether "the remedy sought…is legal or equitable in nature." *Granfinaciera, S.A. v. Nordberg*, 492 U.S. 33, 41-42 (1989). *Amara* thus clarifies that both Plaintiff's claim and the remedy sought are equitable.

>benefits, usually in the form of money, which have not been paid to them as a result of alleged breaches of a fiduciary duty by the plan administrator. A claim is not classified as legal simply because it seeks money. 'We need not, and do not, . . . say that any award of monetary relief must necessarily be legal relief.'

*Id.* at *3 (citing *Curtis v. Loether*, 415 U.S. 189, 196 (1974)); *see also DeFelice v. Am. Int'l Life Assur. Co. of N.Y.*, 112 F.3d 61, 64 (2d Cir. 1997) (rejecting plaintiff's argument that her Section 502(a)(1)(B) claim was "properly characterized as a legal claim for breach of contract, with the relief of money damages, and that she therefore has an absolute right to trial by jury under the Seventh Amendment" because of the "trust-like nature of the remedy" sought).

Plaintiff incorrectly contends that, even though it seeks a surcharge remedy, that "does not foreclose [its] right to request damages or legal restitution." Opp'n at 8. However, a plaintiff is not permitted to use "artful pleading" to obtain a jury trial when both the claim and the remedy sought are traditionally equitable. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-78 (1962) ("[T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings."). And ERISA Section 502(a)(2) does not provide for damages. *Plumb v. Fluid Pump Serv., Inc.*, 124 F.3d 849, 863 (7th Cir. 1997) (plaintiff may not "seek damages under § 502(a)(2)); *George v. Kraft Foods Global, Inc.*, No. 07 C 1954, 2008 WL 780629, at *4 (N.D. Ill. Mar. 20, 2008). In any event, Plaintiff's argument is an academic one that the Court need not address because Count I is devoid of any request for "damages or legal restitution."[3] Compl. ¶ 108 (alleging that under Count I Defendant is "liable to restore to the Plans the losses

---

[3] Plaintiff cites several inapposite cases for the proposition that it can seek damages or legal restitution. Opp'n at 8. *Mertens* says nothing about the situation here, but involved a claim for money damages under Section 502(a)(3) by beneficiaries against a <u>non-fiduciary</u>. *Mertens*, 508 U.S. at 251. In discussing surcharge, *Amara* found this fact "critical" when the defendant is a fiduciary. *Amara*, 131 S. Ct. at 1880 ("insofar as an award of make-whole relief is concerned, the fact that the defendant in this case, unlike the defendant in *Mertens*, is analogous to a trustee makes a critical difference"). The *Haddock* decision does not state that an ERISA plaintiff can bring an action at law against ING for breach of fiduciary duty, and as *Amara* instructs such a claim against a fiduciary could <u>only</u> have been brought in a court of equity, not a court of law. *See Amara*, 131 S. Ct. at 1880; *Haddock v. Nationwide Fin. Servs.*, 262 F.R.D. 97 (D. Conn. 2009).

they have suffered" and that Plaintiff can also recover "prospective injunctive and declaratory relief," attorneys' fees, cost and other recoverable expenses).

Finally, Plaintiff argues that a ruling that its Count I claim is equitable "would render § 502(a)(2) superfluous because the § 502(a)(3) equitable 'catch-all' would apply to all claims authorized by § 502(a)(2)." Opp'n at 8 n.6. Here Plaintiff confuses relief with claims. As noted above, equitable and monetary relief are available under all subsections of ERISA § 502(a). For example, monetary relief is available on claims for benefits under § 502(a)(1)(B), breaches of fiduciary duty under § 502(a)(2), and breaches of fiduciary duty under § 502(a)(3) through restitution. The purpose of the "catchall" provision, § 502(a)(3), is to entertain claims that cannot be asserted under subsections (a)(1)(B) and (a)(2), like *individual* claims for breach of fiduciary duty that cannot be brought under § 502(a)(2), which is limited to actions on behalf of the plan. *Varity Corp. v. Howe*, 516 U.S. 489, 510 (1996) (§ 502(a)(3) is "broad enough to cover individual relief for breach of a fiduciary obligation"); *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1071 (11th Cir. 2004) (§ 502(a)(3) provides cause of action by individuals for fiduciary breach actions alleging misrepresentations)), while §§ (a)(2) and 409(a) provide only a remedy for breaches that injure plans. *Varity*, 516 U.S. at 510 ("one can read § 409 as reflecting a special congressional concern about plan asset management without also finding that Congress intended that section to contain the exclusive set of remedies for every kind of fiduciary breach"). There is nothing that prevents a court from awarding the same form of relief under any of these subsections provided it is consistent with the *claims* authorized by the relevant subsection.

In *Amara*, the Supreme Court observed that relief in the form of surcharge may be available to an individual asserting a claim for breach of fiduciary duty based upon

misrepresentations.  Such a claim cannot be brought under ERISA § 502(a)(2).  *Varity*, 516 U.S. at 510-11.  Nothing in any of the cases cited by Plaintiff holds that surcharge, the exact relief provided under § 409(a), is not available under that section simply because it may be available relief under § 502(a)(3).[4]

### III. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS IS PROPERLY BEFORE THE COURT

Plaintiff's argument that Defendant's alternative Motion for Judgment on the Pleadings is procedurally improper is misplaced.  First, the cases Plaintiff relied upon only addressed instances when a *plaintiff* filed a motion for judgment on the pleadings before the defendant answered the complaint or before the court ruled on the defendant's Rule 12(b)(6) motion.  Opp'n at 9-10.  Second, at the time the motion was filed, all parties contemplated that Defendant's Answer would be filed before Plaintiff's Response was due, which it was.  Thus, even if Defendant *technically* filed its Motion prematurely, Plaintiff suffered no prejudice because Defendant filed its answer prior to Plaintiff's response to this Motion and well in advance of the Court's consideration.  Moreover, the discrete issue on which judgment is sought in the alternative does not depend in the slightest on Defendant's Answer.  The issue in whether the relief sought in Plaintiff's Complaint, if it goes beyond the make whole relief authorized by § 409(a), can be awarded as a matter of law.

---

[4] The same logic applies to §§ 502(a)(1)(B) and (a)(3), which can both provide a remedy for failure to pay benefits, but a plaintiff generally is not permitted to proceed with simultaneous claim under both sections.  *See, e.g., Clark v. Feder, Semo & Bard, P.C.*, 808 F. Supp. 2d 219, 225-26 (D.D.C. 2011) (finding that "If, because the Plan is terminated and lacks assets . . . , plaintiff does not have an adequate remedy under § 1132(a)(1)(B), then plaintiff may pursue a claim under § 1132(a)(3) instead of her inadequate claim under § 1132(a)(1)(B)," but she may not proceed under both).  Similarly, courts can award equitable relief under §§ (a)(2), (a)(3) and (a)(5).  *Solis v. Explore Gen., Inc*., No. 1:10–cv–01157–AWI–JLT, 2011 WL 6749769, at *7 (E.D. Cal. Dec. 22, 2011) ("Plaintiff may seek equitable relief under sections 409(a) and 502(a)(5) of ERISA for the defendants' violations"); *In re Enron Corp. Secs., Derivative & "ERISA" Litig*., 228 F.R.D. 541, 549 (S.D. Tex. 2005) (an action for "indemnity is within the meaning of the phrase 'appropriate equitable relief' in § 409(a)").

Accordingly, Defendant respectfully requests that this Court grant its Motion for Reconsideration or, in the Alternative, for Judgment on the Pleadings.

Dated:  March 5, 2012	/s/ Gregory C. Braden
	Gregory C. Braden (*admitted pro hac vice*)
	Christopher A. Weals (*admitted pro hac vice*)
	William J. Delany (*admitted pro hac vice*)
	Sean K. McMahan (*admitted pro hac vice*)
	Morgan, Lewis & Bockius, LLP
	1111 Pennsylvania Avenue, N.W.
	Washington, DC 20004
	Telephone: (202) 739-5217
	Facsimile: (202) 739-3001
	Email: gbraden@morganlewis.com
	           cweals@morganlewis.com
	           wdelany@morganlewis.com
	           smcmahan@morganlewis.com


	Jonathan B. Orleans (ct05442)
	Pullman & Comley LLC
	850 Main St., PO Box 7006
	Bridgeport, CT  06601-7006
	Telephone: (203) 330-2129
	Facsimile: (203) 576-8888
	Email: JBOrleans@pullcom.com

	*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 5, 2012, a copy of foregoing Reply in Support of Defendant's Motion for Reconsideration of the Court's Order Denying Motion to Strike Jury Demand or, in the Alternative, for Judgment on the Pleadings was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    James E. Miller
    Patrick A. Klingman
    Laurie Rubinow
    Karen M. Leser-Grenon
    Shepherd Finkelman Miller & Shah, LLP
    65 Main Street
    Chester, CT 06412
    Email: jmiller@sfmslaw.com
       pkling@sfmslaw.com
       lrubinow@sfmslaw.com
       kleser@sfmslaw.com

    Scott R. Shepherd
    James C. Shah
    Eric L. Young
    Shepherd Finkelman Miller & Shah, LLP
    Media, PA 19063
    Email: sshepherd@sfmslaw.com
       jshah@sfmslaw.com
       eyoung@sfmslaw.com

    *Attorneys for Plaintiff*

    /s/Gregory C. Braden
    Gregory C. Braden
    Morgan, Lewis & Bockius, LLP
    1111 Pennsylvania Avenue, N.W.
    Washington, DC 20004
    Telephone: (202) 739-5217
    Facsimile: (202) 739-3001
    Email: gbraden@morganlewis.com