IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HEALTHCARE STRATEGIES, INC., Plan Administrator of the Healthcare Strategies, Inc. 401(k) Plan and the Healthcare Strategies, Inc. CBU 401(k) Plan, On Behalf of Itself and All Others Similarly Situated, | : : : : : : | |
| Plaintiff, | : : | |
| vs. | : : | No. 3:11-cv-00282 (JCH) |
| ING LIFE INSURANCE AND ANNUITY COMPANY, | : : : : | |
| Defendant. | : : | November 26, 2012 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE OF MOVANT, THE DEROSA CORPORATION**

Movant, The DeRosa Corporation, ("TDC" or "Movant"), by and through its undersigned counsel, hereby submits this Memorandum in Support of its Motion to Intervene. Movant seeks an Order from this Court granting it leave to intervene in the above-captioned case pursuant to Fed. R. Civ. P. 24. Movant seeks to intervene on the side of Plaintiff, Healthcare Strategies, Inc. ("HSI"), in order to satisfy the Court's recommendation that HSI add an additional named plaintiff and class representative with unquestioned capacity to seek injunctive relief on behalf of the Class (defined below), which was certified on September 27, 2012.

Pursuant to Fed. R. Civ. P. 24(c), Movant tenders its proposed Amended Complaint, a true and correct copy of which is attached as Exhibit "A" and which also has been approved by and is joined in by HSI, concurrently with this Motion.

I.  **INTRODUCTION**

This is a certified class action arising from certain conduct of ING Life Insurance and Annuity Company ("ING" or "Defendant") in taking advantage of, and profiting from, its fiduciary relationship with retirement savings plans such as HSI. The well-pled allegations in HSI's Complaint demonstrate that ING used, and continues to use, its fiduciary position to generate revenue for itself, in the form of "revenue sharing payments," through, among other things, its control over separate accounts, accumulation units, investment decisions and the menu of investment options made available to HSI (in which ING exercised the discretion to choose more expensive share classes of mutual funds and thereby earned greater revenue sharing payments), by agreeing with mutual fund families that it will offer their funds in its variable accounts and that, in return, the mutual fund families will pay "kickbacks" to ING as a percentage of the Plan's investments in their funds. The revenue sharing payments received by ING are Plan assets and ING is a fiduciary with respect to the Plan. The payments at issue are *per se* unlawful and cannot be excused by any alleged disclosure or purported consent and it is black-letter law that a fiduciary cannot avoid its status by simply disclaiming fiduciary status.

On September 27, 2012, following briefing on HSI's Motion for Class Certification, the Court certified the following class:

> All administrators of employee pension benefit plans covered by the Employee Retirement Income Security Act of 1974 subject to Internal Revenue Code §§ 401(a), (k) with which ING has maintained a contractual relationship based on a group annuity contract or group funding agreement and for which, since February 23, 2005, ING has received revenue sharing payments (*e.g.*, asset based sales compensation, service fees under distribution and/or servicing plans adopted by funds pursuant to Rule 12b-1 under the Investment Company Act of 1940, administrative service fees and additional payments, and expense reimbursement) from any mutual fund, investment advisor or related entity (the "Class").

In certifying the Class, the Court expressed the possibility that, because HSI had terminated its contractual relationship with Defendant, it might lack standing to pursue injunctive relief on behalf of the Class. September 27, 2012 Ruling Re: Plaintiff's Motion to Certify Class; Plaintiff's Motion to Dismiss Defendant's Counterclaims; Defendant's Motion to File a Sur-reply, (Doc. No. 102) ("Class Cert. Order") at 18. The Court specifically noted, however, that "[i]n such circumstances, the court may allow plaintiffs to identify a new named plaintiff who may seek injunctive relief on behalf of the class members entitled to it." Class Cert. Order at p. 19 (citations and quotations omitted). As a result, the Court suggested that, in relation solely to the issue of injunctive relief, HSI "identify and add an additional named plaintiff with unquestioned capacity to seek injunctive relief on behalf of the class." *Id.* at 20.

TDC is the Plan Administrator of The DeRosa Corporation 401K PS Plan (the "TDC Plan") and, as such, is a member of the Class. In addition, TDC and the TDC Plan continue to utilize ING as a service provider as of this date, giving Movant "unquestioned capacity to seek injunctive relief on behalf of the Class." *See* Exhibit "A" at ¶ 55. As a result, Movant seeks to intervene in order to assist Plaintiff and the Class in adhering to the Court's recommendation.

## II.   ARGUMENT

### A.   TDC May Intervene as a Matter of Right

Federal Rule of Civil Procedure 23(d) allows for intervention by class members. *See Diduck v. Kaszycki & Sons Contractors, Inc.*, 147 F.R.D. 60, 62 (S.D.N.Y. 1993). Rule 24(a) mandates intervention as a matter of right "whenever it appears that the named representative cannot adequately represent the interest of the class." *Id.* (internal citations and quotations omitted). Although the Court certainly did not find that HSI was an inadequate Class

Representative,[1] it did suggest that HSI "identify and add an additional named plaintiff with unquestioned capacity to seek injunctive relief on behalf of the class." Class Cert. Order at p. 20.

In *Eckert v. Equitable Life Assurance Society of U.S.*, 227 F.R.D. 60 (E.D.N.Y. 2005), the District Court for the Eastern District of New York granted a class member's request to intervene as of right pursuant to Fed. R. Civ. P. 23(d) and Rule 24(a), noting that the original class representative could no longer adequately represent the interest of the proposed class after settling his individual claim. *Eckert*, 227 F.R.D. at 64. The Court should grant TDC's request to intervene as of right to eliminate any issue as to whether adequate representation exists for the Class with respect to claims for injunctive relief. *Id.*; Fed. R. Civ. P. 23(d) & 24(a).

### B. The Court Should Permit TDC to Intervene

Permissive intervention is also warranted in this case. As the *Eckert* court noted:

> [Rule 24(b)] allows for permissive intervention, "when no additional issues are presented to the case, when the intervenor's claims are 'virtually identical' to class claims, and when intervention will strengthen the adequacy of class representation."

*Eckert*, 227 F.R.D. at 64 (citations and quotations in original).

The proposed intervention of TDC meets each of these criteria. As set forth in the proposed Amended Complaint, TDC makes the same claims on the same facts as HSI, and it manifestly presents no new issues to the case. *Compare* the Redline of the Original Class Action Complaint (a true and correct copy of which is attached hereto as Exhibit "B" and which reflects

---

[1] To the contrary, the Court specifically held otherwise, stating that "[w]hile the court is inclined to find that the mootness of HSI's claim for injunctive relief ***does not preclude a finding of its adequacy as a class representative***, it suggests that HSI identify and add an additional named plaintiff with unquestioned capacity to seek injunctive relief on behalf of the class within sixty days." Class Cert. Order at p. 20 (emphasis added).

all changes between the original Complaint and the proposed Amended Complaint) with the proposed Amended Complaint (Exhibit "A").[2] TDC's claims, as set forth in the proposed Amended Complaint, are not only "virtually identical" to the Class' claims, they are, in essence, entirely identical. *Id.* Finally, TDC's intervention would strengthen the adequacy of class representation, as Defendant contends that HSI does have standing to seek injunctive relief because it is not presently a party to a contract with Defendant. TDC's intervention would also serve to assuage any concerns that the Court may have related to HSI's ability to represent the Class with respect to the claims for injunctive relief. Therefore, pursuant to Second Circuit precedent, the Court should permit TDC to intervene in this case. *Eckert*, 227 F.R.D. at 64; Fed. R. Civ. P. 24(b).

### C. Allowing TDC To Intervene Will Not Unduly Delay The Case Or Prejudice ING In Any Respect

In addition to meeting the criteria for intervention as of right and permissive intervention, TDC's proposed intervention will not unduly delay the case or prejudice ING, and the Court should, therefore, allow it. *See Eckert*, 227 F.R.D. at 64 (noting that the intervenor's claims were similar to those of the original class representative and would not prejudice the defendant).

Movant will promptly produce documents relating to TDC and the TDC Plan upon request, and if ING desires to take TDC's deposition, it can be scheduled promptly. Thus, the intervention of TDC will not unduly delay the current schedule or prejudice Defendant in any

---

[2] As the redline of the Amended Complaint attached as Exhibit "B" demonstrates, no material changes are proposed to the Complaint beyond conforming the Amended Complaint to the evidence adduced in discovery and the Court's rulings in this case without any addition or alteration of the essential claims asserted on behalf of the Class.

respect. Accordingly, the Court should permit TDC's intervention in the interests of justice and judicial economy.

### III. CONCLUSION

For all of the reasons explained above, Movant, The DeRosa Corporation, which is joined in this Motion by Plaintiff, Healthcare Strategies, Inc., respectfully requests that the Court grant this Motion to Intervene, and that Plaintiff and Movant be granted leave to file the proposed Amended Complaint attached hereto as Exhibit "A" as Plaintiffs and Class Representatives in this case.

Dated: November 26, 2012                    Respectfully submitted,

/s/ Karen M. Leser-Grenon
James E. Miller  (ct21560)
Laurie Rubinow (ct27243)
Karen M. Leser-Grenon (ct23587)
SHEPHERD, FINKELMAN, MILLER
  & SHAH, LLP
65 Main Street
Chester, CT  06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120
E-mail: jmiller@sfmslaw.com
         lrubinow@sfmslaw.com
         kleser@sfmslaw.com

Scott R. Shepherd
James C. Shah (admitted *pro hac vice*)
Eric L. Young
Shepherd, Finkelman, Miller & Shah, LLP
35 East State St.
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
Email: sshepherd@sfmslaw.com
       jshah@sfmslaw.com
       eyoung@sfmslaw.com

Kolin C. Tang
Shepherd, Finkelman, Miller & Shah, LLP
401 West A St., Suite 2350
San Diego, California 92101
Telephone: (619) 235-2416
Facsimile: (619)-234-7334

Douglas P. Dehler
O'Neil, Cannon, Hollman, DeJong & Laing S.C.
111 E. Wisconsin Avenue, Suite 1400
Milwaukee, Wisconsin 53202
Telephone: (414) 276-5000
Facsimile: (414) 276-6581
Email: Doug.Dehler@wilaw.com

Attorneys for Movant, Plaintiff and the Class