FILED
In Open Court
USDC, Mass.
Date 9/16/2013
By J. Gaudet
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEALTHCARE STRATEGIES, INC., Plan Administrator of the Healthcare Strategies, Inc. 401(k) Plan and the Healthcare Strategies, Inc. CBU 401(k) Plan, On Behalf of Itself and All Others Similarly Situated, | No. 3:11-cv-00282 (WGY) |
| and | |
| The DEROSA CORPORATION, Plan Administrator of The DeRosa Corporation 401K PS Plan, On Behalf of Itself and All Others Similarly Situated, | |
| Plaintiffs, vs. | |
| ING LIFE INSURANCE AND ANNUITY COMPANY, | |
| Defendant. | September 16, 2013 |

**PLAINTIFFS' MEMORANDUM OF LAW REGARDING THE RELATIONSHIP BETWEEN ERISA SECTIONS 406(b)(1) AND (3) AND THE 29 C.F.R. 2550.408b-2 FEE DISCLOSURE REQUIREMENTS**

Plaintiffs, Healthcare Strategies, Inc. ("HSI") and The DeRosa Corporation ("TDC"), individually and in their respective capacities as the Plan Administrators of the Healthcare Strategies, Inc. 401(k) Plan and the Healthcare Strategies, Inc. CBU 401(k) Plan (collectively, the "HSI Plan") and The DeRosa Corporation 401k PS Plan (the "TDC Plan"), and on behalf of the Class of retirement plan administrators certified by the Court on September 27, 2012 (collectively, the "Plans"), respectfully submit this Memorandum of Law regarding the relationship between the fee disclosure requirements of 29 C.F.R. 2550.408b-2 ("Rule 408b-2"), as revised and promulgated by the Department of Labor ("DOL"), on February 3, 2012 and

Section 406(b) of the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act").

## I. INTRODUCTION

On the third day of trial, September 12, 2013, the Court requested that the parties provide a copy of DOL Rule 408b-2, which was raised during the examination of Robert Richard. Specifically, Mr. Richard testified regarding the recent fee disclosure requirements inserted into Rule 408b-2. Plaintiffs provided a copy of DOL Rule 408b-2 later that afternoon. Plaintiffs offer this brief memorandum of law to assist the Court in analyzing the relationship between the disclosure requirements of Rule 408b-2 and ERISA's prohibited transaction provisions contained in ERISA Section 406(b), 29 U.S.C. § 1106(b). As explained below, the recent disclosure requirements of Rule 408b-2 only pertain to Section 406(a) of ERISA. They do not pertain to, much less grant an exemption for, transactions prohibited under ERISA Section 406(b). Accordingly, Rule 408b-2 has no bearing on any liability findings with respect to Defendant, ING Life Insurance and Annuity Company ("ILIAC"), for engaging in transactions prohibited by ERISA Section 406(b).

## II. ANALYSIS

Plaintiffs allege, among other things, that "ILIAC's 'arranging for and retention' of revenue-sharing payments . . . constitutes prohibited transactions in violation of section 406(b)(1) and (3) of ERISA, 29 U.S.C. § 1106(b)(1), (3)." [Court's Memorandum denying ILIAC's motion for summary judgment, Dkt. No. 210, at 10.] Rule 408b-2 does not immunize a fiduciary for liability under ERISA Section 406(b).

The DOL only promulgated the disclosure requirements of Rule 408b-2 in February 3,

2012 to assist plan sponsors, such as Plaintiffs here, to "satisfy their fiduciary obligations" when selecting service providers. 77 Fed. Reg. 5632 (a true and correct copy is attached as Exhibit "A" for the Court's convenience). Accordingly, the DOL set forth those disclosure requirements pursuant to its authority under, among other things, ERISA Section 505, 29 U.S.C. § 1135. To compel the service providers to comply, the DOL inserted the disclosures into paragraph (c)(1)[1] of Rule 408b-2 as an independent precondition for service providers that do not occupy any fiduciary status to satisfy in order to do business with plan sponsors. 29 C.F.R. 2550.408b-2(a); 77 Fed. Reg. 5633.[2]

The DOL also made clear in Rule 408b-2 that the new disclosure requirements did not pertain to, much less immunize, a fiduciary that engages in prohibited transactions under Section 406(b)(1) or 406(b)(3). As Rule 408b-2 explains, the provisions under ERISA that allow plan sponsors to engage service providers:

> do not contain an exemption from acts described in section 406(b)(1) of the Act (relating to fiduciaries dealing with the assets of plans in their own interest or for their own account), section 406(b)(2) of the Act (relating to fiduciaries in their individual or in any other capacity acting in any transaction involving the plan on behalf of a party (or representing a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries) or section 406(b)(3) of the Act (relating to fiduciaries receiving consideration for their own personal account from any party dealing with a plan in connection with a transaction involving the assets of the plan).

---

[1] The DOL also added paragraph (c)(2), but it merely serves as a placeholder for "future guidance concerning the disclosure requirements for welfare plans." 77 Fed. Reg. 5633.

[2] "Section 408(b)(2) of [ERISA] exempts from the prohibitions of *section 406(a)* of the Act payment by a plan to a party in interest, including a fiduciary, for office or any service (or a combination of services) if" certain conditions are satisfied. 29 C.F.R. 2550.408b-2(a) (emphasis added). ERISA Section 406(a) expressly allows plan sponsors to engage service providers under certain delimited circumstances. 29 U.S.C. § 406(a).

29 C.F.R. 2550.408b-2(a)(1).[3] Indeed, Rule 408b-2 sets forth examples where a fiduciary has engaged in a prohibited transaction, regardless of Rule 408b-2, such as:

> Example (5). F, a trustee of plan P with discretion over the management and disposition of plan assets, *retains C to provide administrative services to P of the type which makes C a fiduciary under section 3(21)(A)(iii)*. Thereafter, C retains F to provide for additional fees actuarial and various kinds of administrative services in addition to the services F is currently providing to P. Both F and C have engaged in an act described in section 406(b)(1) of the Act. F, regardless of any intent which he may have had at the time he retained C, has engaged in such an act because F has, in effect, exercised the authority, control or responsibility which makes F a fiduciary to cause the plan to pay F additional fees for the services. C, whose continued employment by P depends on F, has also engaged in such an act, because C has an interest in the transaction which might affect the exercise of C's best judgment as a fiduciary. As a result, C has dealt with plan assets in his own interest under section 406(b)(1).
>
> Example (6). F, a fiduciary of plan P with discretionary authority respecting the management of P, retains S, the son of F, to provide for a fee various kinds of administrative services necessary for the operation of the plan. F has engaged in an act described in section 406(b)(1) of the Act because S is a person in whom F has an interest which may affect the exercise of F's best judgment as a fiduciary. Such act is not exempt under section 408(b)(2) of the Act irrespective of whether the provision of the services by S is exempt.

29 C.F.R. 2550.408b-2 (emphasis added).[4]

---

[3] Those disclosure requirements are also "independent of fiduciary obligations under section 404 of the Act." 29 C.F.R. 2550.408b-2(c)(1)(i).

[4] Applied here, ILIAC is a fiduciary to the Plans with respect to, *inter alia*, its post-contractual authority and discretion to select and delete mutual funds available to plan sponsors and participants and set its own compensation, as well as its control of the Plans' assets in the Separate Accounts. It is well established that *"the act of limiting or designating investment options which are intended to constitute all or part of the universe of an ERISA 404(c) plan is a fiduciary function...."* 57 Fed. Reg. 46906 (October 13, 1992)(addressing 29 CFR Part 2550 - Final Regulation Regarding Participant Directed Individual Account Plans (ERISA Section 404(c) Plans)); *In re Frost National Bank*, DOL Op. 97-15A, 1997 ERISA LEXIS 18 at * 10 (May 22, 1997)(citing DOL regulation and observing that since "Frost reserves the right to add or remove mutual fund families that it makes available to Plans...., we are unable to conclude that Frost would not exercise any discretionary authority or control to cause the Plans to invest in mutual funds that pay a fee or other compensation to Frost"). These mutual funds provide varying amounts of payments in the form of revenue-sharing payments to ILIAC should ILIAC decide to make them available to the Plans through assets in the Separate Accounts and should ILIAC decide not to

## III. CONCLUSION

Accordingly, Plaintiffs respectfully submit that Rule 408b-2 does not affect ILIAC's liability for engaging in prohibited transactions under Section 406(b) of ERISA.

Dated: September 16, 2013

Respectfully submitted,

James E. Miller (ct21560)
Laurie Rubinow (ct27243)
Karen M. Leser-Grenon (ct23587)
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
65 Main Street
Chester, Connecticut 06412
Telephone: (860) 526-1100
Facsimile: (860) 526-1120
E-mail: jmiller@sfmslaw.com
lrubinow@sfmslaw.com
kleser@sfmslaw.com

Scott R. Shepherd
James C. Shah
Shepherd, Finkelman, Miller & Shah, LLP
35 East State St.
Media, Pennsylvania 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
Email: sshepherd@sfmslaw.com
jshah@sfmslaw.com

Rose F. Luzon
Kolin C. Tang
Shepherd, Finkelman, Miller & Shah, LLP

---

discontinue their participation in the menu of available investment options. ILIAC also weighs the amount of revenue-sharing payments when deciding its compensation and increases its own compensation by increasing the amount of revenue-sharing payments it receives. Thus, ILIAC has a personal interest in the mutual funds it makes available because those mutual funds directly affect its compensation. Accordingly, ILIAC has engaged in a prohibited transaction under Section 406(b) of ERISA independent and irrespective of Rule 408b-2.

401 West A St., Suite 2350
San Diego, California 92101
Telephone: (619) 235-2416
Facsimile: (619) 234-7334
Email: rluzon@sfmslaw.com
       ktang@sfmslaw.com

Douglas P. Dehler
O'Neil, Cannon, Hollman, DeJong & Laing S.C.
111 E. Wisconsin Avenue, Suite 1400
Milwaukee, Wisconsin 53202
Telephone: (414) 276-5000
Facsimile: (414) 276-6581
Email: Doug.Dehler@wilaw.com

Attorneys for Plaintiffs and the Class