# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

HEALTHCARE STRATEGIES, )
INC., et al. )
)
)   No. 3:11-cv-00282 (WGY)
v. )
)
ING LIFE INSURANCE & ANNUITY )
CO. )
)

## DECLARATION OF JOSEPHINE BRAVATA CONCERNING THE MAILING AND EMAILING OF THE LONG FORM NOTICE AND INSTRUCTION FORM AND PUBLICATION OF THE SUMMARY NOTICE

I, Josephine Bravata, declare:

1.     I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over thirteen years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over three hundred (300) class action cases since its inception.  I am over 21 years of age and am not a party to this Litigation. I have personal knowledge of the facts set forth herein.

2.     I respectfully submit this declaration in order to provide the Court and the parties to the Litigation with information regarding the mailing and emailing of the Long Form Notice (the "Notice") and the Instruction Form (together with the Notice, the "Notice Instruction Form") and the publication of the Summary Notice.

3.     SCS was appointed by the Court to provide administrative services in the above-captioned litigation.  Our services include (i) organizing the printing and mailing of 31,558 Notice Instruction Forms to Class Members; (ii) establishing and maintaining

1

the settlement website, www.ingerisasettlement.com; (iii) setting-up and updating a database listing the names and addresses of Class Members and updating addresses as needed; (iv) re-mailing Notices returned with forwarding addresses; (v) recording all returned Notices as undeliverable with no forwarding addresses and skip tracing them through Experian to obtain new addresses; (vi) tracking exclusion requests; (vii) entering and processing filed Instruction Forms; and (viii) handling all correspondence related to the above procedures.

4.      In order to provide actual notice to those Class Members, we mailed, by first class mail, the Notice Instruction Forms approved by the Court to 31,558 entities who are current or former trustee, sponsor, fiduciary, or administrator of an employee pension plan covered by the Employee Retirement Income Security Act ("ERISA) subject to Internal Revenue Code Sections 401(a) and 401(k), and for which ING Life Insurance & Annuity Co. ("ILIAC") either serves or has served as a service provider at any time between February 23, 2005 to February 7, 2013.   The original list was run through the United States Postal Service national change of address service to obtain new address information prior to the initial mailing.   The 31,558 Notice Instruction Forms were mailed on July 2, 2014, as required by the Court's Order Preliminarily Approving Settlement and Approving Form and Manner of Notice Pursuant to Rule 23 of the Federal Rules of Civil Procedure dated May 30, 2014 (the "Court's May 30, 2014 Order"). Please see **Exhibit A** for the Notice Instruction Form.   SCS also emailed 6,221 class members the Notice Instruction Form. **Exhibit B** is a copy of the email sent.

5.      SCS established the website, www.ingerisasettlement.com, that provided information and documents to class members.   The home page of the website contained

the summary notice. The website also consisted of an Important Documents page that had the Notice and Instruction Form and Settlement Agreement with Exhibits; a pdf of the Notice and Instruction Form page; a Contact Us page so class members could email SCS or contact SCS toll-free; and an Electronic Instruction Form for class members to submit on-line.

6.      To date, we have received 4,570 Notice Instruction Forms that were returned to us as undeliverable. Of these, the post office provided forwarding addresses for 183; SCS immediately mailed another Notice Instruction Form to these Class Members at the updated addresses. The 4,387 were skip-traced using Experian's Business Search service for new addresses, and 459 were re-mailed to the updated addresses that were obtained.

7.      Pursuant to the Court's May 30, 2014 Order, the Summary Notice was published once in the Legal Notices section of the Wall Street Journal on July 3, 2014, as shown in the affidavit attached hereto as **Exhibit C**

8.      The notice procedures described in paragraphs three through six above are consistent with the notice procedures I have used in class action cases I have been involved with over the past thirteen years.

9.      To date, SCS has received three requests for exclusion. A copy of the exclusion requests are attached as **Exhibit D**. The exclusion request deadline is received no later than September 3, 2014.

10.     SCS has not received any objections to the settlement, to date. The deadline to file an objection is received on or before September 3, 2014.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Media, Pennsylvania on August 27, 2014.

Josephine Bravata

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CONNECTICUT**

**If you are the current or former trustee, sponsor, fiduciary, or administrator of an employee pension plan covered by the Employee Retirement Income Security Act ("ERISA") subject to Internal Revenue Code sections 401(a) or 401(k), and for which ING Life Insurance & Annuity Co. ("ILIAC") either serves or has served as a service provider at any time between February 23, 2005 to February 7, 2013, pursuant to the terms of a group variable annuity contract or group funding agreement, your plan may benefit from this class action settlement.**

*The case is called Healthcare Strategies, Inc., et al. v. ING Life Insurance & Annuity Co. No. 3:11-cv-00282 (WGY)(D.Conn ). A Court authorized this notice. This is not a solicitation from a lawyer.*

This Notice advises you of a settlement (the "Settlement") of a lawsuit against ILIAC. In the lawsuit, Plaintiffs, Healthcare Strategies, Inc. ("HSI"), as the Plan Administrator of the Healthcare Strategies, Inc. 401(k) Plan and the Healthcare Strategies, Inc. CBU 401(k) Plan, and The DeRosa Corporation ("TDC"), as the Plan Administrator of The DeRosa Corporation 401K PS Plan, claimed that ILIAC breached its fiduciary duties under ERISA and engaged in prohibited transactions through "revenue sharing" arrangements with mutual fund companies. The Defendant, ILIAC, denies that it engaged in any improper conduct and maintains that "revenue sharing" is a legal and appropriate form of compensation received for its services. You should read this entire Notice carefully because your legal rights, and the rights of your plan(s) and plan participants and beneficiaries, may be affected whether you act or not.

Your rights and options, and the deadline for you to object if you are opposed to the Settlement, are explained in this Notice.

## WHAT THIS NOTICE CONTAINS

### BASIC INFORMATION ................................................................................................... 1

1.  Why did I get this Notice?...........................................................................................1
2.  What is this lawsuit about?..........................................................................................1
3.  What is a class action lawsuit?....................................................................................1
4.  Why is there a Settlement? .........................................................................................2
5.  How do I get more information about the Settlement? .................................................2
6.  Who will administer the Settlement? ...........................................................................2

### THE SETTLEMENT BENEFITS – WHAT YOU MAY GET ............................................. 2

7.  What does the Settlement provide? .............................................................................2
8.  How will I benefit from the Settlement?.......................................................................2
9.  How do I submit a claim for compensation?................................................................3
10. What are the Plaintiffs receiving from the Settlement? ................................................3

### THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP ............................................. 3

11. What do I give up by participating in the Settlement? ..................................................3

### THE LAWYERS REPRESENTING YOU ...................................................................... 3

12. Do I have a lawyer in this case? .................................................................................3
13. How will the lawyers (Class Counsel) be paid?..........................................................3

### OPTING OUT OF THE SETTLEMENT ......................................................................4

14. Can I exclude myself from the Class?.........................................................................4
15. How do I exclude myself from the Class? ...................................................................4

### OBJECTING TO THE SETTLEMENT ........................................................................ 4

16. What does it mean to object?......................................................................................4
17. What is the procedure for objecting to the Settlement?...............................................4

### THE COURT'S FAIRNESS HEARING ......................................................................... 5

18. When/where will the Court decide whether to approve the Settlement? ........................5
19. Do I have to attend the Fairness Hearing? ..................................................................5
20. May I speak at the Fairness Hearing?.........................................................................5

### IF YOU DO NOTHING........................................................................................... 5

21. What happens if I do nothing at all?............................................................................5

i

# BASIC INFORMATION

## 1.      Why did I get this Notice?

You have been identified as a trustee, sponsor, fiduciary or administrator of a 401(k) or 401(a) plan that now contracts or previously contracted with ILIAC for certain administrative services. This notice is being sent to current and former trustees, sponsors, fiduciaries, and administrators of employee pension benefit plans covered by the ERISA subject to Internal Revenue Code ("IRC") sections 401(a) or 401(k) that used ILIAC at any time from February 23, 2005 through February 7, 2013, pursuant to the terms of a group variable annuity contract or group funding agreement.

You are receiving this Notice because you have a right to know about the proposed Settlement of a class action lawsuit in which you are a Class Member before the Court decides whether to approve the Settlement.

Everyone who meets the following description is a Class Member: all administrators of employee pension benefit plans covered by the Employee Retirement Income Security Act of 1974 subject to Internal Revenue Code §§ 401(a), (k) with which ILIAC has maintained a contractual relationship based on a group annuity contract or group funding agreement and for which, since February 23, 2005 and until February 7, 2013, ILIAC has received revenue sharing payments (*e.g.*, asset-based sales compensation, service fees under distribution and/or servicing plans adopted by funds pursuant to Rule 12b-l under the Investment Company Act of 1940, administrative service fees and additional payments, and expense reimbursement) from any mutual fund, investment advisor or related entity. Excluded from the Settlement Class are Defendant, any administrators of employee pension benefit plans for which Defendant's directors, officers or employees are beneficiaries, all plan administrators of employee pension benefit plans with which Defendant had a contract and which were invested through Separate Account "C" and those members of the previously certified class that opted out of the certified class and which are identified in the Settlement Agreement as Excluded Class Members.

This Notice summarizes the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The lawsuit is pending in the United States District Court for the District of Connecticut.  It is known as *Healthcare Strategies, Inc., et al. v. ING Life Insurance & Annuity Co.*, No. 3:11-cv-00282 (WGY)(D.Conn) and is brought against ILIAC.

## 2.      What is this lawsuit about?

On February 23, 2005, HSI filed a lawsuit against ILIAC, alleging that ILIAC had breached fiduciary duties under ERISA and engaged in prohibited transactions under ERISA by contracting with mutual fund companies to receive "revenue sharing" payments.  On September 27, 2012, the United States District Court for the District of Connecticut (the "Court") certified a proposed class and on December 26, 2012, TDC was added as a party plaintiff and class representative.  Following certain additional proceedings, notice of class certification and an opportunity to opt-out was provided to the certified class on July 12, 2013. The class definition was modified slightly with the agreement of the parties and a trial commenced in this Action on September 9, 2013.  The trial with respect to liability concluded on October 3, 2013 and, to accommodate the Parties' continuing settlement discussions, the Court agreed not to rule on liability for a period of two weeks and then granted extensions of that time period so that the parties could continue and conclude their settlement discussions that resulted in this Settlement.  ILIAC has denied and continues to deny any wrongdoing or liability, and would continue to vigorously defend the lawsuit if the proposed Settlement is not approved.

## 3.      What is a class action lawsuit?

In a class action lawsuit, one or more people called "class representatives" sue on their own behalf and on behalf of other people who have similar claims. One court resolves all the issues for all class members in a single lawsuit. HSI and TDC are the class representatives in this lawsuit.

1

**4.     Why is there a Settlement?**

The Parties have agreed to the Settlement after extensive negotiations.  By agreeing to a Settlement, the Parties avoid the costs and risks of further litigation, and Plaintiffs and the other members of the Class will get compensation and other benefits. Class Counsel have conducted an extensive review of the evidence in the case and the potential risks and benefits of continued litigation. Plaintiffs and Class Counsel agree that the Settlement is in the best interest of the Class. The Court has not made any finding that ILIAC has done anything wrong or violated any law or regulation.

**5.     How do I get more information about the Settlement?**

This Notice is only a summary of the lawsuit and the proposed Settlement. It is not a complete description of the lawsuit or the proposed Settlement. You may inspect the pleadings and other papers (including the Settlement Agreement) that have been filed in this lawsuit at the office of the Clerk of the United States District Court for the District of Connecticut, which is located in the Richard C. Lee U. S. Courthouse, United States District Court, 141 Church Street, New Haven, CT 06510. You can also review the Settlement Agreement and related documents at www.ingerisasettlement.com.

If you have questions about this Notice or the proposed Settlement, you may contact Lead Counsel (*see* answer to question 17 for contact information) or the Settlement Administrator (*see* answer to question 6 for contact information).

> **Do not contact the Court or ILIAC for information about the Settlement. The Settlement Administrator or Class Counsel are the only parties that can answer any questions you may have about the proposed Settlement.**

**6.     Who will administer the Settlement?**

The Settlement Administrator, Strategic Claims Services, will administer the Settlement, including the processing of the Instruction Form that plans need to fill out and send in to receive any money. You may contact the Settlement Administrator by: (a) sending a letter to Strategic Claims Services, Attn: ING ERISA Settlement, P.O. Box 230, 600 N. Jackson Street, Suite 3, Media, PA 19063; (b) sending an e-mail to info@ingerisasettlement.com; (c) visiting the Settlement website at www.ingerisasettlement.com; or (d) calling (866) 274-4004.

## THE SETTLEMENT BENEFITS – WHAT YOU MAY GET

**7.     What does the Settlement provide?**

ILIAC has agreed to pay a total of $14,950,000, inclusive of all claims for attorneys' fees and costs, as well as payment of Case Contribution Fees and the costs of administering the Settlement.  The amount that will be available for distribution to Class Members (known as the "Distributable Settlement Amount") will be $14,950,000 *minus* the amounts used for other Settlement purposes (Case Contribution Fee, Court-approved Attorneys' Fees to Class Counsel, Administration Costs, and certain taxes and tax-related costs).  As part of the Settlement, ILIAC has agreed to change certain of its business practices that relate to the way that ILIAC contracts with Class Members and the information it provides to plans about revenue sharing.

**8.     How will I benefit from the Settlement?**

You will benefit in two ways. First, you may be entitled to have your plan receive a portion of the Distributable Settlement Amount in the form of a check. The amount paid to each plan will be determined by a Plan of Allocation. As explained below, all you have to do is submit the enclosed Instruction Form by the deadline for submission. Second, if your plan currently contracts with ILIAC (or if your plan contracts with ILIAC in the future), you will receive the benefit of the changed business practices that ILIAC has agreed to make.  Among other things, ILIAC has agreed to provide additional disclosures about the kinds of fees and compensation that it receives and alternative means for Class Members to pay for the services it provides.

**9.     How do I submit a claim for compensation?**

For your plan to receive money, it must submit an Instruction Form by the deadline for submission. A copy of the Instruction Form is enclosed. You do not need to do anything further to submit a claim for compensation. You will receive payment in the form of a check. Class Members, as fiduciaries of their Plans, shall be solely responsible for all fiduciary decisions related to the use of any proceeds of the Distributable Settlement Amount and release and hold harmless Defendant's Released Parties from any claims related thereto. All checks must be cashed within 90 days of issuance.

> **If you want to receive any monetary benefits from the Settlement, you must submit the Instruction Form by December 1, 2014. The Instruction Form should be mailed to the address shown on the Form.**

An Instruction Form will be deemed submitted when it is actually received by the Settlement Administrator at the address listed in the Instruction Form.

> **Even if you do not submit an Instruction Form, you will be bound by the Settlement unless you opt out. (*See* answers to questions 14 and 15 below.)**

**10.     What are the Plaintiffs receiving from the Settlement?**

In this case there are two class representatives, HSI and TDC. Class Counsel intends to ask the Court to award HSI a Case Contribution Fee of $50,000 and TDC a Case Contribution Fee of $25,000 in recognition of all of their work and effort expended on behalf of the Class.

## THE SETTLEMENT BENEFITS – WHAT YOU GIVE UP

**11.     What do I give up by participating in the Settlement?**

Unless you opt out of the Class, each member of the Class gives ILIAC a "release." A release means you give up, your rights, and the rights of your plan, and its participants and beneficiaries, to sue ILIAC or receive any benefits from any other lawsuit against ILIAC if the lawsuit asserts claims or relates in any way to the practices at issue in this lawsuit.

For additional details about the scope of the release, consult the Settlement Agreement or contact Class Counsel. (*See* answer to question 5 for details.)

## THE LAWYERS REPRESENTING YOU

**12.     Do I have a lawyer in this case?**

Yes. The Court has appointed two law firms to represent you and other Class Members: Shepherd, Finkelman, Miller & Shah, LLP ("SFMS") and O'Neil, Cannon, Hollman, DeJong & Laing, S.C. These lawyers are called Class Counsel and SFMS has been appointed as Lead Counsel. You will not be charged for the work of these lawyers. If you want to be represented by a different lawyer in this case, you may hire one at your own expense.

**13.     How will the lawyers (Class Counsel) be paid?**

Class Counsel will ask the Court for an award of reasonable attorneys' fees of up to $6.2 million plus expenses of up to $615,000 from the Qualified Settlement Fund, based upon the value of the Settlement, the time they have devoted to this engagement and the expenses they have advanced in prosecuting this matter.

## OPTING OUT OF THE SETTLEMENT

### 14.     Can I exclude myself from the Class?

You can exclude yourself from the Class and the Settlement. By excluding yourself, you give up your Plan's right to receive money from the Settlement.  By opting out, you preserve your right to bring your own lawsuit against ILIAC.

### 15.     How do I exclude myself from the Class?

To exclude yourself from the Class, an authorized representative of the plan must submit a written request for exclusion that includes (a) your name and the name of your plan, (b) your address, (c) your telephone number, and (d) a signed statement that states "I/we hereby request that I/we be excluded from the class in the *Healthcare Strategies, Inc., et al. v. ING Life Insurance & Annuity Co.* litigation."  Requests for exclusion must be mailed separately to the Settlement Administrator and Lead Counsel at the addresses listed below, and must be received by no later than September 3, 2014.  Please note that you are receiving this notice because you are a fiduciary of your plan. Accordingly, you have legal obligations under ERISA to act in the interest of the plan and its participants/beneficiaries.  You may wish to consult with Lead Counsel or your own legal counsel before deciding to opt out of the Settlement.

The exclusion request should be addressed as follows:

*Lead Counsel:*
Shepherd, Finkelman, Miller & Shah, LLP
65 Main Street
Chester, CT  06412
Attn: James E. Miller or Laurie Rubinow


*Settlement Administrator:*
Strategic Claims Services
Attn: ING ERISA Settlement
P.O. Box 230
600 N. Jackson Street, Suite 3
Media, PA 19063


## OBJECTING TO THE SETTLEMENT

### 16.     What does it mean to object?

Objecting is simply telling the Court that you do not like something about the Settlement. Objecting will not have any bearing on your right to receive the benefits of the Settlement if it is approved by the Court.

### 17.     What is the procedure for objecting to the Settlement?

Any Class member who wants to object to the Settlement must file an objection in writing. Your objection must be received on or before September 3, 2014, and must list your name and the name of your plan, address, and telephone number and, if applicable, the name, address, and telephone number of your attorney. Your objection must be accompanied by any supporting papers or briefs you intend to submit in support of your objection. Objections must be filed with the Court <u>and</u> mailed to Lead Counsel and Counsel for ILIAC at the addresses listed below. You may also

4

attend the Settlement hearing. If you intend to appear personally or through your own lawyer at the hearing, you must include a notice of intent to appear in addition to your objection and mail copies of the notice to the Court, Lead Counsel, and Counsel for ILIAC. Your objection must also include (1) a statement of membership in the Class, (2) a description of the specific grounds for your objection, and (3) all papers you intend to present to the Court in opposition to the Settlement Agreement. **ANY CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED ABOVE SHALL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL NOT HAVE ANY RIGHT TO OBJECT TO THE FAIRNESS OR ADEQUACY OF THE SETTLEMENT.**

| Clerk of the Court | Class Counsel | Defense Counsel |
|---|---|---|
| U.S. District Court for the District of Connecticut | James E. Miller | Gregory C. Braden |
| Clerk of Court | Laurie Rubinow | William J. Delany |
| Richard C. Lee U. S. Courthouse, United States District Court, | Shepherd, Finkelman, Miller & Shah, LLP | Morgan, Lewis & Bockius, LLP |
| 141 Church Street | 65 Main Street | 1111 Pennsylvania Ave., N.W. |
| New Haven, CT 06510 | Chester, CT 06412 | Washington, DC 20004 |

## THE COURT'S FAIRNESS HEARING

### 18.     When/where will the Court decide whether to approve the Settlement?

On September 17, 2014, at 2:00 p.m., in Courtroom 18 of the United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, 5th Floor, Boston, Massachusetts 02210, the Court will hold a fairness hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether it should be approved. The hearing may be continued from time to time by the Court without further notice.

### 19.     Do I have to attend the Fairness Hearing?

No. However, you are welcome to attend at your own expense. If you file an objection to the Settlement, you do not have to go to Court to talk about it. As long as your objection is filed by September 3, 2014 and you comply with the requirements in answer to question 17 above, the Court will consider it. You also may send your own lawyer to attend the Fairness Hearing.

### 20.     May I speak at the Fairness Hearing?

You may ask the Court for permission to speak at the hearing. Anyone wishing to appear must state in their written objection their intention to appear at the Fairness Hearing.

## IF YOU DO NOTHING

### 21.     What happens if I do nothing at all?

You, your plan, and its participants and beneficiaries will be bound by the Settlement, including the release of claims against ILIAC, but you will not receive any of the monetary benefits described above questions 7 and 8.

DATED: JUNE 2, 2014

**THIS NOTICE HAS BEEN SENT TO YOU BY ORDER**

**OF THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CONNECTICUT**

5

THIS PAGE INTENTIONALLY LEFT BLANK.

# INSTRUCTION FORM

In order to receive a distribution from the Settlement, an authorized representative of the Plan needs to complete this Instruction Form.  Please fill this out and return it to the following address no later than December 1, 2014:

> **Strategic Claims Services**
> **Attn: ING ERISA Settlement**
> **P.O. Box 230**
> **600 N. Jackson Street, Suite 3**
> **Media, PA 19063**

## I.      Information About the Plan

Name of Plan: _____

Plan Tax ID Number: _____

Group Number: _____

Name of Authorized Plan Fiduciary: _____

Mailing Address:_____

City, State, Postal Code: _____

## II.      Instructions to the Settlement Administrator

**Question 1:**  Does the Plan currently have a group variable annuity contract or group funding agreement with ILIAC and/or use ILIAC as its 401(k) or 401(a) service provider?

Yes      No      (Circle one)

If the answer is no, proceed to Question 2.  If you answer "Yes" and submit this Instruction Form, please be advised that you are instructing the Settlement Administrator on behalf of the Plan to distribute any Settlement proceeds by issuing a check payable to the Plan Sponsor.  The Plan hereby instructs the Settlement Administrator to distribute any Settlement proceeds by a check payable to the Plan Sponsor.  The check should be made payable to:

_____

and mailed to the following address: _____

_____.

**Important note:** The proceeds may only be used to pay for or defray reasonable plan expenses. You cannot deposit such amount to the Plan or distribute such amount to the Plan's participants because such a deposit/distribution could not be accomplished in a practical way under the circumstances.  Check with your legal advisor or Class Counsel if you have questions about how the proceeds may be used.

If you answered "Yes" to Question 1, please skip the remaining questions in Section II and proceed to Section III.  If you answered "No" to Question 1, please proceed to Question 2.

**Question 2:**  Did the Plan previously have a group variable annuity contract or group funding agreement with ILIAC and/or use ILIAC as its 401(k) or 401(a) service provider?

Yes      No       (Circle one)

[If the answer is no, skip Question 3 and proceed to Question 4].

**Question 3:**  How does the Plan want the Settlement Administrator to distribute any proceeds under the Settlement? [check only one]

      a._____   The Plan instructs the Settlement Administrator to distribute any Settlement proceeds by a check payable to the Plan Sponsor.  The check should be made payable to: _____

and mailed to the following address: _____
_____.

**Important note:** If you choose this option, the proceeds may only be used to pay for or defray reasonable plan expenses.  Check with your legal advisor or Class Counsel if you have questions about how the proceeds may be used.

      b._____   The Plan instructs the Settlement Administrator to distribute any Settlement proceeds by a check payable to the Plan's current service provider, as follows:

Name of Current Service Provider:_____

Contract Number: _____

Address of Service Provider: _____

City, State, Zip: _____

Contact Person at Service Provider: _____

Telephone Number:_____

Email: _____

**Important note:** If you choose this option, your current service provider must utilize these funds in a manner to defray reasonable plan expenses.  Check with your legal advisor or Class Counsel if you have questions about how the proceeds may be used.

      If you checked one of the boxes in Question 3, above, please proceed to Section III.

2

**Question 4**:  If you answered "no" to questions 1 and 2, the plan is likely not eligible to receive any money from the Settlement because it does not appear that the plan maintained a contractual relationship with ILIAC that renders it eligible to participate in the Settlement.  Please explain why you believe the plan is entitled to some distribution (attach additional sheets if necessary, as well as any documentation to support your belief).

_____
_____
_____
_____
_____
_____

## III.    Certification

As authorized fiduciary for the above-identified plan, I hereby authorize and direct the Settlement Administrator to utilize the allocation method selected above in applying the Settlement proceeds conveyed to the plan from *Healthcare Strategies, Inc., et al. v. ING Life Insurance and Annuity Co., et al.,* or, if applicable, to forward the Settlement proceeds as instructed in response to Question 3.

Signature of Authorized Plan Fiduciary:_____

Print Name of Authorized Plan Fiduciary: _____

Name of Payee for Settlement Check (from Question 1 or 3, as applicable):

_____

Address To Which Settlement Check Should Be Sent (from Question 1 or 3, as applicable):

_____

Date: _____

Telephone Number(s) if Any Questions: _____

Email Address(es): _____

3

Strategic Claims Services
Attn: ING ERISA Settlement
P.O. Box 230
600 N. Jackson Street, Suite 3
Media, PA 19063


**PLEASE FORWARD—IMPORTANT LEGAL INFORMATION**

# EXHIBIT B

**Josephine Bravata**

| | |
|---|---|
| **From:** | ING ERISA Settlement [info@ingerisasettlement.com] |
| **Sent:** | Monday, June 30, 2014 10:35 AM |
| **To:** | jbravata@strategicclaims.net |
| **Subject:** | Summary Notice |
| **Attachments:** | NoticeandInstructionForm.pdf |

## If you are a fiduciary of a 401(k) or 401(a) ERISA plan that contracted with ING Life Insurance and Annuity Company, you should be aware of a class action settlement.

*This is a summary.  For more information please read the Notice and Instruction Form.*

### What is this about?

In a lawsuit in federal court in Connecticut, the plaintiffs, Healthcare Strategies, Inc. and The DeRosa Corporation ("Plaintiffs"), have alleged that ING Life Insurance and Annuity Company ("ILIAC") violated ERISA by receiving payments from mutual fund companies whose funds are offered as investment options to 401(k) and 401(a) retirement plans ("revenue sharing payments"). The Court has not made any rulings about whether ILIAC did anything wrong, and ILIAC denies any wrongdoing. Plaintiffs have agreed to settle the case because they believe that the settlement provides substantial and meaningful relief to the members of the settlement class and in light of the potential risks of further litigation. ILIAC has agreed to settle to avoid the expense and distraction of further continued litigation. Both parties agree that the settlement provides meaningful and carefully tailored relief to the settlement class that relates directly to the allegations in Plaintiffs' case.

### What does the Settlement provide?

Plans that have contracted with ILIAC between February 23, 2005 to February 7, 2013 can receive a payment from a settlement fund of $14,950,000. ILIAC also has agreed to make a number of changes in its business practices for the next five years and will provide settlement class members with enhanced disclosures of information regarding the revenue sharing payments and other compensation that it receives in connection with investments by its 401(k) and 401(a) retirement plan customers, as well as a way of paying ILIAC for services rendered without ILIAC receiving any revenue sharing payments.

### Who represents me?

The Court has appointed lawyers to represent the class of retirement plans at no cost to class members. These attorneys will ask the Court to award them attorneys' fees and expenses, and the Court will determine the reasonable fees and expenses to be paid. For more information regarding the attorneys' fees and expenses being requested, please visit the website or call the number below. You may hire your own attorney if you wish, but at your own cost.

### What are my rights?

- To get money, your plan must submit a completed Instruction Form by December 1, 2014. If you do nothing, you will remain in the class but receive no money. You do not need to do anything to get the benefit of the new business practices. You do not need to do anything to get the benefit of the settlement.

- You may exclude yourself from the class by sending a letter to the addresses listed in the full class notice and it must be received no later than September 3, 2014. Your plan cannot get any money if you do so.

- You may object to the settlement by filing an objection with the Court, Lead Counsel, and Counsel for ILIAC no later than September 3, 2014 as detailed in the full class notice.

- If the settlement is approved by the Court, class members who do not opt out will give up any claims

covered by the settlement and will be bound by the Court's orders in the case.

The Court will hold a hearing on September 17, 2014 at 2:00 p.m. in Courtroom 18 to consider whether the settlement is fair, reasonable, and adequate, and to consider the motion for attorneys' fees and expenses.

**You can view a copy of the full class notice and an Instruction Form by visiting www.ingerisasettlement.com.  You can also call 866-274-4004 or write:**

**Strategic Claims Services**
**Attn: ING ERISA Settlement**
**P.O. Box 230**
**600 N Jackson Street - Suite 3**
**Media, PA 19063**

---

The United States District Court for the District of Connecticut, has ordered this email notice be sent.  If you with to UNSUBSCRIBE from any future email messages from the Settlement Administrator with regard to this Litigation, please click on this link.

8/25/2014

**EXHIBIT C**

## AFFIDAVIT

STATE OF TEXAS              )

                             )  ss:

CITY AND COUNTY OF DALLAS)

I, Vinod Srinivasan, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

1  insertion(s) on the following date(s):

JUL-03-2014;

ADVERTISER: ING;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
8    day of   July       2014

Notary Public

TOBY A. BREITEN
Notary Public
STATE OF TEXAS
My Comm. Exp. April 24, 2018

## If you are a fiduciary of a 401(k) or 401(a) ERISA plan that contracted with ING Life Insurance and Annuity Company, you should be aware of a class action settlement.

*This is a summary. See below for more information.*

**What is this about?**

In a lawsuit in federal court in Connecticut, the plaintiffs, Healthcare Strategies, Inc. and The DeRosa Corporation ("Plaintiffs"), have alleged that ING Life Insurance and Annuity Company ("ILIAC") violated ERISA by receiving payments from mutual fund companies whose funds are offered as investment options to 401(k) and 401(a) retirement plans ("revenue sharing payments"). The Court has not made any rulings about whether ILIAC did anything wrong, and ILIAC denies any wrongdoing. Plaintiffs have agreed to settle the case because they believe that the settlement provides substantial and meaningful relief to the members of the settlement class and in light of the potential risks of further litigation. ILIAC has agreed to settle to avoid the expense and distraction of further continued litigation. Both parties agree that the settlement provides meaningful and carefully tailored relief to the settlement class that relates directly to the allegations in Plaintiffs' case.

**What does the settlement provide?**

Plans that have contracted with ILIAC between February 23, 2005 to February 7, 2013 can receive a payment from a settlement fund of $14,950,000. ILIAC also has agreed to make a number of changes in its business practices for the next five years and will provide settlement class members with enhanced disclosures of information regarding the revenue sharing payments and other compensation that it receives in connection with investments by its 401(k) and 401(a) retirement plan customers, as well as a way of paying ILIAC for services rendered without ILIAC receiving any revenue sharing payments.

**Who represents me?**

The Court has appointed lawyers to represent the class of retirement plans at no cost to class members. These attorneys will ask the Court to award them attorneys' fees and expenses, and the Court will determine the reasonable fees and expenses to be paid. For more information regarding the attorneys' fees and expenses being requested, please visit the website or call the number below. You may hire your own attorney if you wish, but at your own cost.

**What are my rights?**

- To get money, your plan must submit a completed Instruction Form by December 1, 2014. If you do nothing, you will remain in the class but receive no money. You do not need to do anything to get the benefit of the new business practices. You do not need to do anything to get the benefit of the settlement.

- You may exclude yourself from the class by sending a letter to the addresses listed in the full class notice and it must be received no later than September 3, 2014. Your plan cannot get any money if you do so.

- You may object to the settlement by filing an objection with the Court, Lead Counsel, and Counsel for ILIAC no later than September 3, 2014 as detailed in the full class notice.

- If the settlement is approved by the Court, class members who do not opt out will give up any claims covered by the settlement and will be bound by the Court's orders in the case.

The Court will hold a hearing on September 17, 2014 at 2:00 p.m. in Courtroom 18 to consider whether the settlement is fair, reasonable, and adequate, and to consider the motion for attorneys' fees and expenses.

To request a copy of the full class notice or an Instruction Form, or for further information:

Call: 1 866-274-4004
Visit: www.ingerisasettlement.com
Write: Settlement Administrator
Strategic Claims Services
Attn: ING ERISA Settlement
P.O. 230
600 N. Jackson Street, Suite 3
Media, PA 19063

STATE OF TEXAS

CITY AND COUNTY OF DAL

I, Vinod Srinivasan, being duly

of THE WALL STREET JOUR

the United States, and that th

published in THE WALL STRE

1   insertion(s) on the followir

JUL-03-2014;

ADVERTISER: ING;

and that the foregoing statem

Sworn to before me this
8   day of   July        2014



Notary Public

TOBY A. BREITEN
Notary Public
STATE OF TEXAS
My Comm. Exp. April 24, 2018

**EXHIBIT D**



**M&L**
INDUSTRIES, LLC

July 8, 2014

Settlement Administrator
Strategic Claims Services
Attn: ING ERISA Settlement
PO BOX 230
Media, PA 19063

Dear Settlement Administrator,

I hereby request that we be excluded from the class in the Healthcare Strategies, Inc., et al. v. ING Life Insurance & Annuity Co. litigation.

Sincerely,

Patrick Marmande
Plan Administrator
M&L Industries  401k Plan
1210 St. Charles Street
Houma, LA 70360
985-876-2280

1210 St. Charles Street
Houma, LA 70360
Phone 985-876-2280
Fax 985-872-9596

5810 Airline Highway
Baton Rouge, LA 80805
Phone 225-355-7716
Fax 225-355-7497

5201 Airline Highway
Metairie, LA 70001
Phone 504-889-1318
Fax 504-889-1318

3811 Highway 90 East
Broussard, LA 70518
Phone 337-837-2763
Fax 337-837-2760

Website: www.mlind.net



July 16, 2014

Strategic Claims Services
Attn: ING ERISA Settlement
P.O. Box 230
600 N. Jackson Street, Suite3
Media, PA 19063

Dear Sirs:

I hereby request that Lite Machines Corporation be excluded from the class in the Healthcare Strategies, Inc., et al. v. ING Life Insurance & Annuity Co. litigation. Lite Machines Changed to American Funds 401K prior to February 23, 2005, the beginning date covered by the litigation. Thank you for your request for information.

Sincerely,

Donna Arlton, Assistant Vice President
Lite Machines Corporation
3000 Kent Avenue
West Lafayette, IN 47906



July 28, 2014


*Lead Counsel*
Shepherd, Finkelman, Miller & Shah, LLP
65 Main Street
Chester, CT 06412
Attn: James E. Miller or Laurie Rubinow

*Settlement Administrator*
Strategic Claims Services
Attn: ING ERISA Settlement
PO Box 230
600 N. Jackson, Suite 3
Media, PA 19063


To Whom It May Concern:

My name is Anna Wolf, and I am an authorized representative of TiER1 Performance Solutions 401K plan (Plan # 872127). My contact information is as follows:

100 E. Rivercenter Blvd. Suite 100
Covington, KY 41011
859-663-2114

We hereby request that we be excluded from the class in the *Healthcare Strategies, Inc., et al. v. ING Life Insurance & Annuity Co.* litigation.


Sincerely,

Anna Wolf
Chief Financial Officer
TiER1 Performance Solutions