IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HEALTHCARE STRATEGIES, INC., Plan Administrator of the Healthcare Strategies, Inc. 401(k) Plan and the Healthcare Strategies, Inc. CBU 401(k) Plan, On Behalf of Itself and All Others Similarly Situated, <br><br> and <br><br> The DEROSA CORPORATION, Plan Administrator of The DeRosa Corporation 401K PS Plan, On Behalf of Itself and All Others Similarly Situated, <br><br>        Plaintiffs, <br><br>vs. <br><br> ING LIFE INSURANCE AND ANNUITY COMPANY, <br><br>        Defendant. | No. 3:11-cv-00282 (WGY) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>September 25, 2014 |

**FINAL APPROVAL ORDER AND JUDGMENT**

WHEREAS, on September 25, 2014, this Court conducted a hearing (1) to determine whether the terms of the Settlement Agreement and the proposed Settlement provided for therein are fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court; (2) to determine whether the proposed Plan of Allocation for distributing the Settlement proceeds among the Class Members should be approved by the Court; (3) to consider the applications for attorneys' fees, costs, and Case Contribution Fees; and (4) to hear and rule upon such other matters as the Court may deem appropriate (the "Final Approval Hearing");

WHEREAS, the Court was advised at the Final Approval Hearing that the Class Notice in the form approved by the Court was provided to all Class Members pursuant to the terms of the Parties' Settlement Agreement and posted on the Settlement Website, and that the Published

Notice in the form approved by the Court was published in the *Wall Street Journal*; and

WHEREAS, the Court, having considered all matters submitted to it at the Final Approval Hearing, including the arguments of counsel for the Parties;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement, including the definitions contained therein, is incorporated by reference in this Final Approval Order and Judgment.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all the Members of the Settlement Class, and Defendant.

3. The Court finds that Defendant has complied with the notice requirements of 28 U.S.C. § 1715, including providing notice of this Settlement to the U.S. Department of Labor, and has previously filed a notice confirming its compliance. No government agency or entity has objected to any of the terms of this Settlement.

4. The Class Notice was previously provided to all Members of the Settlement Class that could be identified with reasonable effort, and the Published Notice was published in the *Wall Street Journal*. The form and method of notifying the Settlement Class of the terms and conditions of the proposed Settlement met the requirements of Fed. R. Civ. P. 23, due process, and all other requirements; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of the terms and conditions of the Settlement and the right to object.

5. A total of nineteen (19) plans opted to exclude themselves from the Settlement Class, including those sixteen (16) plans that previously excluded themselves from the Class after notice of class certification was provided and before the trial commenced. A list of the plans that have validly excluded themselves from the Settlement Class is attached as Exhibit "A" hereto. No objections to the Settlement were filed.

6. Based on the evidence presented at trial and otherwise submitted by the Parties, the Court concludes that the Settlement is fair, reasonable and adequate. The Settlement is therefore approved and the Parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

7. The Plan of Allocation also is hereby approved as fair, reasonable and adequate.

8. The Court finds that the Members of the Settlement Class are fiduciaries of the ERISA plans they represent, they bring this action on behalf of the plans, their participants and beneficiaries, and that they have the authority to bind the plans and their participants and beneficiaries by participating in this Settlement. Specifically, the Court finds that the Members of the Settlement Class have a legal obligation under ERISA to act in the interest of the plans, their participants, and their beneficiaries, that the interests of the Members of the Settlement Class are therefore in privity with the interests of the plans, their participants and their beneficiaries, and all private parties authorized to sue under ERISA sections 502(a)(2) and (3), that such private parties are adequately represented by the Class Members, and all parties authorized to sue under ERISA sections 502(a)(2) and (3) are hereby bound by the Settlement and this Order. The Court further finds that the Members of the Settlement Class have a legal obligation under ERISA to act in the interest of the plans, their participants and beneficiaries in exercising any discretion in the disposition of any Distributable Settlement Amount received by their Plans. The Court finds that by choosing to participate in the Settlement Class and complete the Instruction Form provided to them so that they can receive their portion of the Distributable Settlement Amount, the Settlement Class Members have acted in the interest of their respective plans, as well as the beneficiaries and participants in those plans, and that the Settlement Class Members have complied with their fiduciary duties under ERISA. Finally, the Court finds that none of the Parties or Settlement Class Members have engaged in any prohibited transaction or

other violation of ERISA by entering into this Settlement.

9. The Action, including any counterclaims asserted therein, is hereby dismissed with prejudice in its entirety and without an award of costs, except as provided for in the Settlement Agreement.

10. Defendant is ordered to implement the changes in practices/structural changes set forth in Section IV of the Settlement Agreement. The Court has been advised that Defendant has already begun to implement the changes in its business practices set forth in Section IV of the Agreement.

11. As a result of Defendant's agreement to implement the actions described in Section IV of the Agreement, and for so long as Defendant continues to abide by the practices described in Section IV of the Agreement, the Court makes the following findings of fact:

(a) Defendant does not exercise any direct or indirect discretionary authority or control over any plan assets with respect to which Defendant receives Revenue Sharing payments, nor do Defendant's actions cause it to receive Revenue Sharing.

(b) With respect to Defendant's future receipt of Revenue Sharing:

(i) Defendant does not exercise any direct or indirect discretionary authority or control over any plan assets with respect to which Defendant receives Revenue Sharing payments, nor do Defendant's actions cause it to receive Revenue Sharing;

(ii) Defendant does not render investment advice for a fee or other compensation, directly or indirectly, nor does it have any authority or responsibility to do so; and

(iii) Defendant does not have any discretionary authority or discretionary responsibility in the administration of any retirement assets or

retirement plans.

12.  Based on the findings of fact in Paragraph 11 above, the Court declares that Defendant is not a fiduciary within the meaning of any subsection of 29 U.S.C. § 1002(21)(A), with respect to the receipt of Revenue Sharing. In addition, the Court declares and finds that Plaintiffs', all Class Members' and Defendant's compliance with the terms of the Settlement Agreement (including entering into this Settlement) shall not constitute a breach of fiduciary duty, in violation of Section 404 of ERISA, 29 U.S.C. § 1104, or a prohibited transaction in violation of Section 406 of ERISA, 29 U.S.C. § 1106 of any kind. In entering these findings, the Court is not finding or implying that, in the absence of the changes described in Section IV of the Settlement Agreement, Defendant was a fiduciary with respect to receipt of Revenue Sharing, breached any fiduciary duty, violated any prohibited transaction rule, or was otherwise in violation of ERISA in any respect.

13.  (a)  For purposes of this Paragraph 13, the following definitions (which are identical to the definitions contained in the Settlement Agreement) shall apply:

"Defendant's Released Parties" shall mean Defendant and each of its present, past, and future predecessors, successors, parents, subsidiaries, affiliates, divisions, assigns, officers, directors, committees, employees, fiduciaries, administrators, actuaries, agents, insurers, representatives, attorneys, retained experts and trustees.

"Released Claims" shall mean any and all claims, liabilities, demands, causes of action or lawsuits, known or unknown (including Unknown Claims, as defined in the Settlement Agreement), whether legal, statutory, equitable or of any other type or form, whether under federal or state law, and whether brought in an individual, representative or any other capacity, that in any way relate to or arise out of or in connection with acts, omissions, facts, statements, matters, transactions, or occurrences that have been alleged or referred to or could have been

alleged in the Action, including in any court filing or any discovery request or response including, but not limited to, (a) matters pertaining to or arising out of the solicitation, negotiation, or receipt of Revenue Sharing (as defined in the Settlement Agreement); (b) claims of excessive fees of any kind in connection with Mutual Funds, Proprietary Funds, the Fixed Account or the General Accumulation Account or the administration of the Plans; (c) matters pertaining to disclosure, receipt or retention of Float; (d) disclosures about Revenue Sharing or any administrative or investment management fees paid directly or indirectly by the Plans or their sponsors; (e) assembly, substitution, addition, or removal of investment options from Product or Plan Menus, including the appropriateness of inclusion of Mutual Funds, Proprietary Funds, the Fixed Account and the General Accumulation Account in Product or Plan Menus; (f) the investment performance of Mutual Funds, Proprietary Funds, the Fixed Account, and the General Accumulation Account included in Product Menus or Plan Menus; (g) Fund Agreements; (h) operation of any Separate Accounts; (i) the reinvestment of dividends paid by any Mutual Fund; (j) sufficiency of the information about investment options, fees, and charges that is provided in connection with the operation of Defendant's retirement plan business(es); (k) contractual arrangements or conduct as a service provider relating to any Member of the Settlement Class, including, but not limited to, any alleged rights, obligations, discretion or conduct by Defendant as a service provider claimed to give rise to fiduciary status on the part of Defendant with respect to Revenue Sharing; (l) any actions arising out of or related to the negotiation or performance of the Settlement Agreement or matters relating thereto; and (m) all Class Members' decisions related to the allocation of any proceeds of the Distributable Settlement Amount.

  (b) Upon the occurrence of the Effective Date, the Defendant's Released Parties shall be deemed to have been released from all Released Claims, as provided for in the

Settlement Agreement, and all Class Members, their plans, and other private parties authorized by ERISA sections 502(a)(2) and (3) to bring any of the Released Claims are permanently enjoined from, either directly, representatively, or in any other capacity, prosecuting, instituting, or commencing any individual, class, or other action with respect to the Released Claims against any of Defendant's Released Parties.

14. In recognition of their work, the time and expenses incurred on behalf of the Members of the Settlement Class and the value of the results achieved on behalf of the Members of the Settlement Class, pursuant to the terms of the Settlement Agreement, Plaintiffs shall be entitled to each receive a Case Contribution Fee, respectively, in the amounts of $50,000 (for HSI) and $25,000 (for TDC), and counsel to the Settlement Class shall be entitled to receive reasonable attorneys' fees in the amount of $6,200,000, plus reasonable costs and other expenses in the amount of $615,000.

15. Without affecting the finality of this Final Approval Order and Judgment in any way, this Court hereby retains continuing jurisdiction over (a) all matters relating to the enforcement, interpretation, or implementation of the Settlement and any award or distribution of the Distributable Settlement Amount, including interest earned thereon; and (b) the Parties for purposes of construing, enforcing and administering the Settlement Agreement.

DATED: September 25, 2014

*William G. Young*
THE HONORABLE WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE